UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:                                    ) | Chapter 13 Proceeding |
|                                                 ) | |
| TIMOTHY ALEX BRUTON,       ) | Case No. 23-10644-MLB |
|              *Debtor*,                     ) | |
| _____) | Adversary No. |
|                                                 ) | |
| TIMOTHY ALEX BRUTON,       ) | ADVERSARY COMPLAINT |
|              *Plaintiff*,                    ) | |
|                                                 ) | |
|              vs.                              ) | |
|                                                 ) | |
| GLENHAVEN LAKES CLUB, INC., GREGORY ) | |
| E. THULIN DBA THE LAW OFFICES OF    ) | |
| GREGORY E. THULIN, P.S., AND            ) | |
| ANDRE BRIONEZ,                         ) | |
|              *Defendants*.                 ) | |
| _____) | |

**COMES NOW** Timothy Alex Bruton, for cause of action to recover actual, statutory, and punitive damages, court costs, and attorney's fees against Glenhaven Lakes Club, Inc. homeowners' association, a Washington state homeowner association, Gregory E. Thulin dba as the Law Offices of Gregory E. Thulin, P.S., and Andre Brionez for violation of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA"), the Washington Consumer Protection Act, *RCW 19.86 et seq.* ("WCPA"), breach of contract, breach of fiduciary duty, fraud, grossly negligent misrepresentation, violation of the automatic stay, *11 U.S.C. § 362* , civil conspiracy, and objection to Proof of Claim No. 1.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

1

## JURISDICTION & PARTIES

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (C), (K) and (O).

3. Venue for this adversary proceeding is properly with this Court pursuant to 28 U.S.C. §1409.

4. Timothy Alex Bruton filed a voluntary petition under Chapter 13 of Title 11 of the United States Code on April 9, 2023.

5. Defendant Glenhaven Lakes Club, Inc. homeowners' association is a Washington state homeowner association.

6. Defendant Greg Thulin, dba the Law Offices of Gregory E. Thulin, P.S., conducts and transacts business in the State of Washington.

7. Defendant Andre Brionez is the President of the GLC HOA.

## FACTUAL ALLEGATIONS

On August 27, 2008, Timothy Alex Bruton ("Plaintiff") purchased a home at 515 Summit Place, Sedro Woolley, Washington. The home is located at the south end of Lake Whatcom in a subdivision known as Glenhaven. When Plaintiff purchased the home (located on Glenhaven Lot 15 and Lot 16) he became a member of the Glenhaven Lakes Club, Inc. homeowners' association ("GLC HOA").

GLC HOA HAS CERTAIN POWERS. Subject to the provisions of its Articles of Incorporation, the Covenants, Conditions, and Restrictions ("CC&Rs"), and Bylaws (collectively "Governing Documents"), the GLC HOA has certain powers to act through its Board of Directors. Bylaws, Section 4.4.

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

DUES, ASSESSMENTS, FEES, LATE CHARGES, AND FINES. GLC HOA may set and collect dues, assessments, fees, late charges, and reasonable fines. Bylaws, Sections 4.4.10, 4.4.11, 4.4.12.

FINES MUST BE REASONABLE PER ESTABLISHED SCHEDULE. Fines for violation of the Governing Documents must be reasonable and in accordance with a previously established schedule adopted by the Board of Directors and furnished to the owners. Bylaws, Sections 4.4.11, 7.5, 7.6.

PRE-SANCTION HEARING, NOTICE AND OPPORTUNITY TO BE HEARD. GLC HOA may not impose any fine or special assessment for misconduct or suspension of membership privileges for any violation of the Governing Documents unless the allegedly offending Owner has been provided with written Notice of Violation prepared and hand-delivered or sent via registered/certified mail, return receipt requested. Bylaws, Sections 7.10, 7.10.1. The written notice must include:

1. DETAILS. The notice must contain the details of the alleged violations and the relevant section of the Governing Documents. Bylaws, Section 7.10.1.1.

2. AMOUNT. The notice must advise of the proposed action against the Owner, including dollar amount of any fines. Bylaws, Section 7.10.12.

3. DEADLINE. The notice must advise of the deadline (minimum of 14 days from notice receipt) for the Owner to request a hearing and the address for this request. Bylaws, Section 7.10.13.

4. FIXED DATE. The notice must advise the Owner of the date (minimum of 30 days from notice receipt) when the sanction will be applied if no hearing is requested. Bylaws, Section 7.10.14.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

3

WATER SHUTOFF NOTICE. In November 2018 Plaintiff received a water shutoff notice from GLC HOA.  After receiving the water shutoff notice Plaintiff went to the GLC HOA office Plaintiff and disputed the amounts that were alleged to be owed.  Plaintiff was told notice of delinquent dues assessments and water charges had been mailed to him.  Plaintiff advised the GLC HOA that he never received the notice of the delinquent dues assessments and water charges.

NOTICE OF LIEN DATED 11/28/2018. On November 28, 2018, Mr. Thulin, as authorized agent of GLC HOA recorded a Notice of Lien against Plaintiff's home in the amount of $7,675.32 under Whatcom County Auditor's recording number 2018-1102443.

The November 28, 2018, Notice of Lien states it represents regular and special assessments for common expenses and other lawful charges owing to GLC HOA, together with interest from the effective date of each obligation, late fees, costs, expenses, and reasonable attorneys' fees.  The Notice of Lien further states that, in addition to the assessment, common assessments and other charges will continue to accrue monthly.

The November 28, 2018, Notice of Lien does not identify which charges are regular assessments and which charges are special assessments.

Plaintiff disputed that the amounts identified in the November 28, 2018, Notice of Lien were owed.  On February 21, 2019, Plaintiff paid in full the amount identified in the November 28, 2018, Notice of Lien with a Cashier's Check in the amount of $7,675.32.  When Plaintiff made the payment, he was told by GLC HOA that his water would be turned back on immediately.  Plaintiff expected his water to be turned on immediately.  Plaintiff's water was not turned on as GLC HOA promised.

Plaintiff reasonably believed that all amounts owed to GLC HOA for regular and special

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

4

assessments for common expenses and other charges owing, including interest from the effective date of each obligation, late fees, costs, expenses, and attorneys' fees were brought current through November 28, 2018, by his payment of the $7,675.32 identified in the lien notice.

$210 of attorney fees included in the Notice of Lien dated November 28, 2018, which was paid in full on 02/21/2019, are included in the Notice of Lien dated August 22, 2022, the Foreclosure Complaint dated October 26, 2022, and the Default Judgment dated January 5, 2023.

<u>PLAINTIFF WAS DENIED WATER SERVICE FOR OVER 4.5 YEARS</u>. Despite agreeing to do so, and being required to do so by the Governing Documents and applicable law, GLC HOA did not turn Plaintiff's water on after he paid in full the amount identified in the November 28, 2018, Notice of Lien. In fact, Plaintiff's water was not turned on until June 12, 2023, over 4.5 years later, and only after bankruptcy filing and demand by Plaintiff's counsel.

<u>NOTICE OF LIEN DATED 08/24/2022</u>. On August 24, 2022, Mr. Thulin, as authorized agent of GLC HOA, recorded a Notice of Lien against Plaintiff's home in the amount of $6,222.40, under Whatcom County Auditor's recording number 2022-0802303.

The August 24, 2022, Notice of Lien states it represents regular and special assessments for common expenses and other lawful charges owing to the GLC HOA, together with interest from the effective date of each obligation, late fees, costs, expenses, and reasonable attorneys' fees. The Notice of Lien further states that, in addition to the assessment, common assessments and other charges will continue to accrue monthly.

It is reasonable for Plaintiff to believe that the amount identified as owed in the August 24, 2022, Notice of Lien represents all amounts owed by the homeowner as of the date of the lien notice.

The August 24, 2022, Notice of Lien is false and misleading. It does not identify the

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

5

effective date of each obligation. It states delinquent dues assessments are owed on Lot 15 and 16 in the amount of $1,436.00 each through 4/01/22. Dues assessments are an annual charge. The notice does not identify the amount of the annual dues assessments or the period for which the dues assessments are owed. The lien notice identifies late fees are owed on Lot 15 and 16 in the amount of $25.00 each. The notice does not identify how much late fees are or for what period the late fees are owed. The notice states there is a 2020 Pool Assessment owed on Lot 15 and 16 in the amount of $168.00 each. The lien notice does not identify the source of this pool assessment or whether this is a one-time, monthly, or annual pool assessment. It does not identify if there is a pool assessment owing for Lot 16.

The August 24, 2022, Notice of Lien states water fees assessed in April 2022 and July 2022 are owed on Lot 16 in the amount of $372.00. The notice does not identify the monthly amount of the water fees. The notice leads one to believe there are no other water fees owed on Lot 16 as of the date of the notice. It is reasonable for Plaintiff to believe there are no other water fees owed for as of the date of the lien notice.

The August 24, 2022, Notice of Lien identifies attorney fees through lien release, including unpaid fees from 2018 lien ($210) in the amount of $541.50. The 2018 Notice of Lien states $201 was owed for the "filing & release" of the lien and identified $477.00 as the amount owed for attorney fees. There is no explanation why Plaintiff would owe an additional $210 from the amount identified in the 2018 lien which were paid in full on 02/21/2019.

The amounts identified in the Notice of Lien dated August 24, 2022, are not a sum certain. It is impossible to determine what Defendants allege Plaintiff owes based on the August 24, 2022, Notice of Lien.

The Notice of Lien dated August 24, 2022, contains materially false, deceptive, and

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

misleading representations made in violation of the Governing Documents, Washington state law and federal law.

The Notice of Lien dated August 24, 2022, falsely represents the character, amount, and legal status of the GLC HOA dues, assessments, fees, late charges, and fines in violation of the Governing Documents, Washington state law and federal law.

The Notice of Lien dated August 24, 2022, attempts to collect amounts GLC HOA dues, assessments, fees, late charges, and fines when such amounts are not expressly authorized by the Governing Documents, Washington state law and federal law.

NOTICE AND OPPORTUNITY TO BE HEARD. The August 24, 2022, Notice of Lien states that it includes noncompliance fines in the amount of $1,625.00 for the period of 6-08-22 through 7-01-22. It does not identify what the noncompliance fines are for. It does not identify to which lots the noncompliance fines apply.

Plaintiff was never provided written Notice of Violation prepared and hand-delivered or sent via registered/certified mail, return receipt requested, detailing the alleged violations and the relevant section of the Governing Documents, the dollar amount of any fines, the deadline to request a hearing and the address for the request, or when the sanction would be applied if no hearing was requested.

GLC HOA's failure to afford Plaintiff with written notice and an opportunity to be heard is a violation of the Governing Documents, Washington state law and federal law.

JUDICIAL FORECLOSURE DATED 10/26/2022. On October 26, 2022, Mr. Thulin, on behalf of GLC HOA, filed a judicial foreclosure ("Foreclosure Complaint") against Plaintiff for non-payment of GLC HOA dues and water.

Paragraph 3.3 of the Foreclosure Complaint states the delinquent Assessment for the

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

7

Property, as of October 25, 2022, is $1,604.00 per lot, or $3,208.00 total, plus late fees/finance charges, noncompliance fines, water fees, attorney's fees, and costs. The Foreclosure Complaint does not identify the dates covered by the alleged delinquency amounts.

Paragraph 3.4 of the Foreclosure Complaint states "[all]" proper notice of the Assessment and other obligations of Bruton has been delivered to Bruton." The Foreclosure Complaint and supporting declarations contain no evidence that Plaintiff was provided notice of the assessments and other obligations as required by the Governing Documents, Washington state law and federal law.

The Foreclosure Complaint contains materially false, deceptive, and misleading representations made in violation of the Governing Documents, Washington state law and federal law.

The Foreclosure Complaint falsely represents the character, amount, and legal status of the GLC HOA dues, assessments, fees, late charges, and fines in violation of the Governing Documents, Washington state law and federal law.

The Foreclosure Complaint is an attempt to collect amounts GLC HOA dues, assessments, fees, late charges, and fines when such amounts are not expressly authorized by the Governing Documents, Washington state law and federal law.

<u>ATTORNEYS CONTACT MR. THULIN ON PLAINTIFF'S BEHALF</u>. After being served with the Foreclosure Complaint Plaintiff contacted several Bellingham attorneys seeking to retain them to defend him against the Foreclosure Complaint including, without limitation, Timothy G. Krell, Ziad Youssef, and Mark Packard. On information and belief Timothy Krell and/or Mark Packard contacted Mr. Thulin on Plaintiff's behalf to inquire about the Foreclosure Complaint.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

ORDER OF DEFAULT.  On December 7, 2022, an order of default was entered against Plaintiff.  Having been contacted by an attorney on Plaintiff's behalf prior to entry of the default order, Mr. Thulin knew, or should have known, that Plaintiff intended to defend against the Foreclosure Complaint.

NOTICE OF INTENT TO DEFEND.  On December 8, 2022, Plaintiff went to the GLC HOA office and spoke with the person in charge of the billing (Becky Dodd), specifically advising her that he disputed the amounts owed and that he intended to defend the lawsuit and the proposed foreclosure of his home.  There was also a secretary present who Ms. Dodd cautioned not to say anything.  Ms. Dodd directed Plaintiff to contact GLC HOA attorney Mr. Thulin.

On December 8, 2022, Plaintiff made a 1 minute 18 second phone call to Mr. Thulin's office.  He left at least a 45 second message in which he clearly conveyed that he intended to defend the Foreclosure Complaint.  Plaintiff specifically asked Mr. Thulin to return his call but he never did.

MOTION FOR DEFAULT JUDGMENT. On January 5, 2023, Mr. Thulin moved for a default judgment and decree of foreclosure against Plaintiff despite his telephone call of December 8, 2022, during which he unequivocally conveyed his intention to defend against the Foreclosure Complaint.

BRIONEZ DECLARATION IN SUPPORT OF DEFAULT JUDGMENT. On January 5, 2023, the President of the GLC HOA, Andre Brionez ("Mr. Brionez"), signed a declaration under penalty of perjury which was filed in support of a default judgment and decree of foreclosure against Plaintiff.

Mr. Brionez' declaration states he is fully familiar with records of payments of dues and

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

9

assessments owed to GLC HOA by the owners within the association. He further states that attached to his declaration are copies of Statements and Homeowner ledgers itemizing the amounts assessed to Plaintiff, including late fees, water fees, fines and all payments that have been made by Plaintiff Bruton. Brionez Dec., ¶ 3-4.

Attached to Mr. Brionez' declaration is a summary page titled "**PRINCIPAL JUDGMENT AMOUNT**" which states:

LOT 15

TOTAL AMOUNT OF HOMEOWNER LEDGER AND

STATEMENT THROUGH 10-01-22                    $10,130.90.

Brionez Dec., page 3.

On the Statement for Lot 15 attached to Mr. Brionez' declaration the total amount owing is identified as $1,464.50 as of 11/30/2022. It is reasonable that Plaintiff would believe that $1,464.50 was the total amount he owed on Lot 15 as of 11/30/2022. Brionez Dec., page 5

On the Homeowner Ledger for Lot 15 attached to Mr. Brionez' declaration the total amount owing is identified as $10,130.90 as of 12/01/2022. Brionez Dec., page 4. Mr. Brionez provides no explanation why the amount identified as owed on the Statement for Lot 15 is different from the amount owed identified on the Homeowner Ledger for Lot 15.

The amount identified on the Homeowner ledger for Lot 15 ($10,130.90 as of 12/01/2022) plus the amount identified on the Statement for Lot 15 ($1,464.50 as of 04/01/22) equals $11,595.40. There is no explanation why the summary page titled "**PRINCIPAL JUDGMENT AMOUNT**" identifies the total amount owed for Lot 15 is $10,130.90 as of 10/01/22. Brionez Dec., page 3

There is no explanation why the amount identified as owing for Lot 15 on the

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

10

Homeowner Ledger and the amount identified as owing for Lot 15 on the Statement do not match. The amount identified as owing on Statement through 04/01/2021 is $1,464.50. Brionez Dec., page 5. The amount identified as owing on the Homeowner Ledger through 04/01/2021 is $1,230.00. Brionez Dec., page 4.

LOT 16

TOTAL AMOUNT OF HOMEOWNER LEDGER AND

STATEMENT THROUGH 10-01-22                    $4,306.50

Brionez Dec., page 3.

On the Statement for Lot 16 attached to Mr. Brionez' declaration the total amount owing is identified as $3,374.50 as of 11/30/2022. Brionez Dec., page 7-8. It is reasonable that Plaintiff would believe that this is the total amount he owed on Lot 15 as of 11/30/2022.

On the Homeowner Ledger for Lot 16 attached to Mr. Brionez' declaration the total amount owing is identified as $4,306.50 as of 10/01/2022. Brionez Dec., page 6.

The amount identified on the Homeowner ledger for Lot 16 ($4,306.50 as of 10/01/2022) plus the amount identified on the Statement for Lot 16 ($3,374.50 as of 11/30/22) equals $7,681.00. There is no explanation why the summary page titled "**PRINCIPAL JUDGMENT AMOUNT**" identifies the total amount owed for Lot 16 is $4,306.50 as of 10/01/22. Brionez Dec., page 3.

There is no explanation why the amount identified as owing for Lot 16 on the Homeowner Ledger and the amount identified as owing for Lot 15 on the Statement do not match.

In his declaration Mr. Brionez further states "[w]e have expended attorney's fees and costs in this matter, which are itemized in the Declaration of Gregory E. Thulin and in the

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

11

Statement of Costs and Disbursements, submitted herewith." Brionez Dec., ¶ 6. The summary page titled "PRINCIPAL JUDGMENT AMOUNT" attached to Mr. Brionez' declaration identifies the total amount owed for attorney's fees and costs as <$3,127.40>. Brionez Dec., page 3.

The statements contained in Mr. Brionez' declaration and supporting documents regarding the amounts owed for Lot 15 and Lot 16 contain materially false, deceptive, and misleading representations made in violation of the Governing Documents, Washington state law and federal law.

The statements contained in Mr. Brionez' declaration and supporting documents regarding the amounts owed for Lot 15 and Lot 16 falsely represent the character, amount, and legal status of the GLC HOA dues, assessments, fees, late charges, and fines in violation of the Governing Documents, Washington state law and federal law.

The statements contained in Mr. Brionez' declaration and supporting documents regarding the amounts owed for Lot 15 and Lot 16 are an attempt to collect amounts GLC HOA dues, assessments, fees, late charges, and fines when such amounts are not expressly authorized by the Governing Documents, Washington state law and federal law.

DECLARATION IN SUPPORT OF ATTORNEY FEES. On January 5, 2023, Mr. Thulin filed a declaration in support of award of attorney fees against Plaintiff. The amount identified as owing in Mr. Thulin's declaration is identified as $2,110. Thulin Dec. in Support of Attorney Fees , page 4.

There is no explanation why the amount identified in Mr. Brionez' declaration as owing for attorney's fees and costs is showing as having been paid, where the payment came from, or the date of the payment. There is no explanation why the amount identified in Mr. Brionez'

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

12

declaration differs from the amount identified in Mr. Thulin's declaration.

Mr. Brionez' declaration and supporting exhibits affirmatively, fraudulently, and deceptively, or in bad faith, contain false and grossly negligent misrepresentations regarding Plaintiff's regular and special assessments for common expenses and other charges owing, including interest, late fees, costs, expenses, and attorneys' fees in knowing violation of federal law, state law, and the Governing Documents.

The acts and omissions of Mr. Brionez regarding the amounts identified in his declaration and supporting exhibits were calculated, willful, and grossly negligent statements made in knowing violation of federal law, state law, and the Governing Documents, and were made with substantial certainty of harm to Plaintiff.

DEFAULT JUDGMENT AND DECREE OF FORECLOSURE. On January 5, 2023, a Default Judgment and Decree of Foreclosure in the amount of $14,667.10, bearing 9% interest, was entered against Plaintiff.

SHERIFF SALE. A Sheriff's sale of Plaintiff's home was scheduled for Friday, April 14, 2023, at 9:30 AM.

CHAPTER 13 BANKRUPTCY. On April 9, 2023, Plaintiff filed Chapter 13 bankruptcy to stop the Sheriff sale of his home.

PROOF OF CLAIM NO. 1. On June 20, 2023, GLC HOA, through Mr. Thulin, filed Proof of Claim No. 1 in Plaintiff's bankruptcy in the total amount of $18,605.92. GLC HOA's claim identifies the value of Plaintiff's home at $405,227.00 which the value set by the Whatcom County Assessor. There are no other liens against the Plaintiff's home.

OPPORTUNITY COUNCIL PAID PLAINTIFF'S WATER BILL. On, or about, April 5, 2023, the Opportunity Council paid $3,846 to the GLC HOA. Of that amount $2,864.00 (water)

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

13

(total for debt)--NOTE: SERVICE DISCONNECTED

2nd pledge: $1,000 (total for credit once debt paid).[1]

Despite receiving payment for the total water debt in the amount of $2,864.00, and $1,000 credit toward future water charges, GLC HOA failed to turn Plaintiff's water service on until at least June 12, 2023. Plaintiff's water service was turned on only after his counsel made written demand to GLC HOA counsel Mr. Thulin on June 12, 2023. The written demand requested an accounting of the pre-petition (April 9, 2023) HOA arrears including the application of the Opportunity Council's April 5, 2023, payment. An accounting has never been provided. GLC HOA's Proof of Claim No. 1 does not include credit the Opportunity Council payment.

VIOLATION OF THE AUTOMATIC STAY. GLC HOA also did not turn on Plaintiff's water despite his April 9, 2023, Chapter 13 bankruptcy filing which included provisions for current monthly payments and arrears. Failure to turn on Plaintiff's water service after the bankruptcy filing was an intentional violation of the automatic stay for which Plaintiff should be awarded damages, including costs and attorney's fees, and, under these circumstances, punitive damages.

Plaintiff has suffered, and continues to suffer, significant damages proximately caused by the wrongful actions of GLC HOA, Mr. Brionez, and Mr. Thulin including, without limitation, violation of the FDCPA, violation of the WCPA, breach of contract, breach of fiduciary duty, fraud, grossly negligent misrepresentation, violation of the automatic stay, civil conspiracy, and objection to Proof of Claim No. 1.

Plaintiff's damages include, without limitation, GLC HOA's wrongful denial of

---

[1] The Opportunity Council is Washington state non-profit corporation whose mission is to help people improve their lives through education, support, and direct assistance while advocating for just and equitable communities where everyone has the chance to thrive and contribute.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

14

Plaintiff's water service for 4.5 years, loss of business income, attorney fees, attorney costs, bankruptcy fees and costs to stop improper foreclosure, costs associated with obtaining documents. Plaintiff's damages also include, without limitation, emotional distress, anxiety, confusion, frustration, anger, nervousness, fear, embarrassment, humiliation, loss of privacy, and injury to his reputation due to the foreclosure judgment against his home. Plaintiff suffers from insomnia, loss of sleep, loss of concentration, and irritability. Plaintiff's damages are continuing to accrue as litigation and discovery is ongoing.

FIRST CAUSE OF ACTION
FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff restates and realleges all the allegations in all the preceding paragraphs as though fully set forth herein.

The FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). The FDCPA is a strict liability statute that "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir.2008).

Under the FDCPA, the courts consider whether the least sophisticated debtor would be deceived or misled. *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 774-75 (9th Cir. 2017). Courts use the "least sophisticated debtor" standard to effectuate the basic purpose of the FDCPA: to protect "all consumers, the gullible as well as the shrewd." Id.

1. Plaintiff qualifies as a consumer because it is undisputed that he owes a debt.

2. Mr. Thulin is a "debt collector" as that term is defined by the FDCPA, *15 U.S.C. § 1692(a)(6)* because he regularly represents homeowner associations, collects on delinquent

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

15

homeowner association debt, and regularly files foreclosure actions on behalf of homeowner associations.

3. Mr. Thulin's actions involve an attempt to collect a debt from Plaintiff because he has filed lien notices against the Plaintiff, he has filed a Foreclosure Complaint against the Plaintiff, has obtained a default order and default judgment against the Plaintiff.

4. Mr. Thulin violated *15 U.S.C. § 1692e* because the lien notice dated August 24, 2022, the Foreclosure Complaint dated October 26, 2022, the declarations and exhibits filed in support of default judgment, and the default judgment dated January 5, 2023, contain false, deceptive, or misleading representations as a means in connection with the collection of GLC HOA dues, assessments, fees, late charges, fines, attorney fees and costs in violation of the Governing Documents, Washington state law and federal law.

5. Mr. Thulin violated *15 U.S.C. § 1692e(2)(A)* because the lien notice dated August 24, 2022, the Foreclosure Complaint dated October 26, 2022, the declarations and exhibits filed in support of default judgment, and the default judgment dated January 5, 2023, are "false" representations about a debt's character, amount, or legal status of GLC HOA dues, assessments, fees, late charges, fines, attorney fees and costs in violation of the Governing Documents, Washington state law and federal law.

6. Mr. Thulin violated *15 U.S.C. § 1692e(10)* because the lien notice dated August 24, 2022, the Foreclosure Complaint dated October 26, 2022, the declarations and exhibits filed in support of default judgment, and the default judgment dated January 5, 2023, are "deceptive" or "misleading" representations to collect or attempt to collect GLC HOA dues, assessments, fees, late charges, fines, attorney fees and costs in violation of the Governing Documents, Washington state law and federal law.

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

7. Mr. Thulin violated *15 U.S.C. § 1692f(1)* because he is attempting to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by the Governing Documents, Washington state law and federal law.

8. Mr. Thulin, having violated the FDCPA numerous times under multiple provisions, is liable to Plaintiff for his actual damages, the costs of this action, together with a reasonable attorney's fee as determined by the court pursuant to *15 U.S.C. § 1692k(a)(1) and (3)*. In addition to any actual damages, the court may award Plaintiff "statutory damages" not to exceed $1,000 pursuant to *15 U.S.C. § 1692k(a)(3)*.

9. Mr. Thulin's multiple violations of the FDCPA have proximately caused Plaintiff actual, concrete, and particularized, damages including, without limitation: (1) unapplied payments, (2) misapplied payments, and (3) overpayments, all of which should be credited or otherwise compensated to Plaintiff, (4) loss of water service for 4.5 years, (5) lost income from Plaintiff's business as an online retailer, (6) time and money spent to obtain various documentation including bank statements, cancelled checks, and meeting with attorneys, (6) attorney fees and costs, and (7) emotional distress and harm to reputation, all in an amount to be proven at trial.

SECOND CAUSE OF ACTION
WASHINGTON CONSUMER PROTECTION ACT

Plaintiff restates and realleges all the allegations in all the preceding paragraphs as though fully set forth herein.

1. Mr. Thulin has violated Washington's Consumer Protection Act, RCW 19.86 et seq. ("WCPA").

2. The WCPA creates a private cause of action to "[a]ny person who is injured in his or her business or property by a violation of RCW 19.86.020." RCW 19.86.090.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

3. The elements of a private WCPA violation are (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiff in his or her business or property; and (5) such injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785, 719 P.2d 531 (1986). The first two elements of a WCPA violation may be established by a showing that the alleged act constitutes a per se unfair trade practice, while the third element, a public interest showing, may also be per se satisfied. *Id*. at 785-6, 791. A per se unfair trade practice exists when, by statute, the Legislature declares an unfair or deceptive act in trade or commerce and the relevant statute has been violated. *Id*. at 786.

In this case, Mr. Thulin's false, deceptive, and/or misleading representation or means in connection with the collection of GLC HOA dues, assessments, fees, late charges, fines, attorney fees and costs in violation of the Governing Documents, Washington state law and federal law constitute violations of FDCPA and thus, are per se violations of the WCPA. *15 U.S. Code § 1692*; *RCW 19.148.010*; *Panag v Farmers Ins Co of Washington*, 204 P3d 885 (Wash 2009); *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 176 Wash.2d 771, 787 (Wash. 2013). Accordingly, the first three elements of the WCPA are satisfied based on the Plaintiff's FDCPA claims. The only elements at issue are the fourth and fifth elements of the WCPA.

In this case, the fourth and fifth elements are similarly satisfied because there was injury to Plaintiff caused by Mr. Thulin's numerous violations of the FDCPA.

Plaintiff has suffered, and continues to suffer, actual, concrete, and particularized, damages including, without limitation: (1) unapplied payments, (2) misapplied payments, and (3) overpayments, all of which should be credited or otherwise compensated to Plaintiff, (4) loss of water service for 4.5 years, (5) lost income from Plaintiff's business as an online retailer, (6)

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

time and money spent to obtain various documentation including bank statements, cancelled checks, and meeting with attorneys, (6) attorney fees and costs, and (7) emotional distress and harm to reputation, all in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

Plaintiff restates and realleges all the allegations in all the preceding paragraphs as though fully set forth herein.

1. As the owner of Glenhaven Lot 15 and Lot 16, Plaintiff is a member of the GLC HOA and party to the Governing Documents.

2. Defendant GLC HOA is in material breach of contract for failure to comply with the terms of the Bylaws (including without limitation) by failing to provide Plaintiff with proper notice of assessments which included the amount of the assessment, the purpose of the assessment, and the deadline for payment as required by ¶ 4.4.10 of the Bylaws; by failing to provide Plaintiff proper notice of violations which included a description of the violation, the date the violation occurred, and the deadline for correcting the violation as required by ¶ 4.4.11 of the Bylaws, and; by failing to provide Plaintiff with proper notice of hearings as homeowner facing disciplinary action at least 10 days prior to the hearing, which included the date, time, and location of the hearing, as well as the specific charges against him as required by ¶ 4.4.11 of the Bylaws.

3. Defendant GLC HOA is in material breach of contract for failure to timely turn on Plaintiff's water after being paid, assessing, collecting, and improperly applying unauthorized fees, costs, and penalties, and failing to comply with the provisions of the Governing Documents, Washington state law, and federal law.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

19

4. Defendant GLC HOA breached its duty of good faith to Plaintiff by failing to timely turn on Plaintiff's water after being paid, assessing, collecting, and improperly applying unauthorized fees, costs, and penalties, and failing to comply with the provisions of the Governing Documents, Washington state law, and federal law.

5. As a result of Defendant GLC HOA's breach of contract, Plaintiff has suffered and will continue to suffer actual, concrete, and particularized, damages including, without limitation: (1) unapplied payments, (2) misapplied payments, and (3) overpayments, all of which should be credited or otherwise compensated to Plaintiff, (4) loss of water service for 4.5 years, (5) lost income from Plaintiff's business as an online retailer, (6) time and money spent to obtain various documentation including bank statements, cancelled checks, and meeting with attorneys, (6) attorney fees and costs, and (7) emotional distress and harm to reputation, all in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## FRAUD/GROSSLY NEGLIGENT MISREPRESENTATION

Plaintiff restates and realleges all the allegations in all the preceding paragraphs as though fully set forth herein.

1. The lien notice dated August 24, 2022, the Foreclosure Complaint dated October 26, 2022, the declarations and exhibits filed in support of default judgment, and the default judgment dated January 5, 2023, affirmatively, fraudulently, and deceptively, or in bad faith, contains false and grossly negligent misrepresentations regarding Plaintiff's regular and special assessments for common expenses and other charges owing, including interest, late fees, costs, expenses, and attorneys' fees in knowing violation of federal law, state law, and the Governing Documents.

2. Mr. Thulin and GLC HOA, without limitation: (1) have not applied or otherwise accounted for certain payments that were made by Plaintiff, (2) have misapplied Plaintiff's

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

payments, (3) have filed notices of amounts owed that are not authorized by contract or law, and (4) have otherwise collected amounts from Plaintiff that are not authorized by contract or law.

3. The declaration of Andre Brionez dated October 26, 2022, filed in support of Default Judgment and Decree of Foreclosure against Plaintiff, and supporting exhibits, affirmatively, fraudulently, and deceptively, or in bad faith, contain false and grossly negligent misrepresentations regarding Plaintiff's regular and special assessments for common expenses and other charges owing, including interest, late fees, costs, expenses, and attorneys' fees in knowing violation of the federal law, state law, and the Governing Documents.

4. The acts and omissions of Mr. Brionez regarding the amounts identified in his declaration and supporting exhibits were calculated, willful, and grossly negligent statements made in knowing violation of the federal law, state law, and the Governing Documents, and were made with substantial certainty of harm to Plaintiff.

5. Defendants Mr. Thulin, Mr. Brionez, and GLC HOA, intentionally misrepresented to Plaintiff, either affirmatively or by omission, by failing to timely turn on Plaintiff's water after being paid, assessing, collecting, and improperly applying unauthorized fees, costs, and penalties, and failing to comply with the provisions of the Governing Documents, Washington state law, and federal law.

6. Defendants Mr. Thulin, Mr. Brionez, and GLC HOA made the aforesaid representations, knowing the same to be fraudulent, or with reckless disregard as to whether they were true or false or, alternatively, innocently but with the intent that Plaintiff rely on same, for the purpose of inducing Plaintiff to pay regular and special assessments for common expenses and other charges owing, including interest, late fees, costs, expenses, and attorneys' fees in knowing violation of federal law, state law, and the Governing Documents.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

21

7. As a result of Mr. Thulin, Mr. Brionez, and GLC HOA's fraud and grossly negligent misrepresentations, Plaintiff has suffered and will continue to suffer actual, concrete, and particularized, damages including, without limitation: (1) unapplied payments, (2) misapplied payments, and (3) overpayments, all of which should be credited or otherwise compensated to Plaintiff, (4) loss of water service for 4.5 years, (5) lost income from Plaintiff's business as an online retailer, (6) time and money spent to obtain various documentation including bank statements, cancelled checks, and meeting with attorneys, (6) attorney fees and costs, and (7) emotional distress and harm to reputation, all in an amount to be proven at trial.

FIFTH CAUSE OF ACTION
<u>VIOLATION OF THE AUTOMATIC STAY</u>

Plaintiff restates and realleges all the allegations in all the preceding paragraphs as though fully set forth herein.

1. On April 5, 2023, the Opportunity Council paid the Plaintiff's past due water bill in the amount of $2,846 to the GLC HOA. It also paid $1,000 to GLC HOA for Plaintiff's future water bills.

2. On April 9, 2023, Plaintiff filed Chapter 13 bankruptcy.

3. As a result of Plaintiff's bankruptcy filing, all creditors are immediately and automatically prohibited from taking or continuing certain actions to collect money or property from Plaintiff. A list of prohibited actions is contained in the United States Bankruptcy Code at 11 U.S.C. § 362.

4. Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1).

5. Plaintiff has a legal and equitable interest in his GLC HOA water rights pursuant to the federal law, Washington state law, and the Governing Documents.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

22

6. Plaintiff has a legal and equitable interest in the $3,846 payment the Opportunity Council paid to the GLC HOA which included payment of Plaintiff's past due water charges in the amount $2,864.00 and $1,000 in credit toward future water charges.

7. Section 362(a)(3) of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C.A. § 362(a)(3).

8. Despite receiving payment of Plaintiff's past due bill and credit for future water bills GLC HOA refused to turn Plaintiff's water service on until at least June 12, 2023, and then only after written demand by Plaintiff's counsel.

9. Despite receiving notice of Plaintiff's bankruptcy filing GLC HOA refused to turn Plaintiff's water service on until at least June 12, 2023, and then only after written demand by Plaintiff's counsel.

10. On June 12, 2023, Plaintiff's counsel requested an accounting of the pre-petition (April 9, 2023) HOA arrears including the application of the Opportunity Council's April 5, 2023, payment. An accounting has never been provided. GLC HOA's Proof of Claim No. 1 does not credit or otherwise account for the Opportunity Council payment.

11. Despite receiving notice of Plaintiff's bankruptcy filing GLC HOA has continued to unlawfully exercise control over the $3,846 payment the Opportunity Council made on Plaintiff's behalf.

12. Section 362(k) of the Bankruptcy Code provides that a party injured by a willful violation of the automatic stay "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *11 U.S.C.A. § 362(k)(1)*.

13. GLC HOA was aware of the pendency of the Plaintiff's Chapter 13 bankruptcy filing.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

23

14. GLC HOA willfully violated the automatic stay and has unlawfully exercised control over property of the Plaintiff's bankruptcy estate.

15. As a direct and proximate result of the defendants' actions Plaintiff has suffered, and continues to suffer, actual, concrete, and particularized, damages including, without limitation: (1) unapplied payments, (2) misapplied payments, and (3) overpayments, all of which should be credited or otherwise compensated to Plaintiff, (4) loss of water service for 4.5 years, (5) lost income from Plaintiff's business as an online retailer, (6) time and money spent to obtain various documentation including bank statements, cancelled checks, and meeting with attorneys, (6) attorney fees and costs, and (7) emotional distress and harm to reputation, all in an amount to be proven at trial.

16. Pursuant to 11 U.S.C.A. § 362(k), under the circumstances of this case, the Plaintiff is entitled to actual and punitive damages as well as sanctions, costs, expenses, and attorney's fees arising from the defendants knowing and willful violation of the automatic stay.

SIXTH CAUSE OF ACTION
CIVIL CONSPIRACY

Plaintiff realleges and incorporates by reference all the allegations in all the preceding paragraphs.

1. Defendants Mr. Thulin, Mr. Brionez, and GLC HOA acted in concert with each other to cause injury to Plaintiff and commit breach of contract, unfair and deceptive practices, fraud, grossly negligent misrepresentations, and wantonness, among other wrongful acts alleged herein.

2. Defendants Mr. Thulin, Mr. Brionez, and GLC HOA through the words, conduct and agreement, conspired among themselves at various times to wrong, injure, damage, defraud and deceive Plaintiff by recording liens, initiating foreclosure litigation, and obtaining a default foreclosure judgment based on grossly negligent misrepresentations regarding Plaintiff's regular

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

24

and special assessments for common expenses and other charges owing, including interest, late fees, costs, expenses, and attorneys' fees in knowing violation of federal law, state law, and the Governing Documents in an effort to fraudulently induce him to pay the amounts alleged to be owed and the other fraudulent, deceitful, and misleading actions alleged herein.

3. Defendants Mr. Thulin, Mr. Brionez, and GLC HOA have acted and committed various acts in furtherance of their conspiracy that constitute the plan of fraudulent, deceitful, and misleading activity designed and in fact targeted to harm Plaintiff.

Through their conspiracy, GLC HOA, Mr. Brionez, and Mr. Thulin, acting jointly and severally, Plaintiff has suffered and will continue to suffer actual, concrete, and particularized, damages including, without limitation: (1) unapplied payments, (2) misapplied payments, and (3) overpayments, all of which should be credited or otherwise compensated to Plaintiff, (4) loss of water service for 4.5 years, (5) lost income from Plaintiff's business as an online retailer, (6) time and money spent to obtain various documentation including bank statements, cancelled checks, and meeting with attorneys, (6) attorney fees and costs, and (7) emotional distress and harm to reputation, all in an amount to be proven at trial.

SEVENTH CAUSE OF ACTION
<u>OBJECTION TO PROOF OF CLAIM NO. 1</u>

Plaintiff objection to Proof of Claim No. 1 filed by GLC HOA and requests that the court disallow it in its entirety and for such other and further relief as is just and proper.

<u>RESERVATION OF RIGHTS TO AMEND</u>

The Plaintiff does not yet have the benefit of any discovery. The Plaintiff therefore reserves the right to amend this Complaint and add additional facts or additional causes of action, as discovery warrants.

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

<u>PRAYER FOR RELIEF</u>

Based on the foregoing, and for the reasons stated, the Plaintiff prays for the following relief:

1. Compensatory, special, general, and treble damages in an amount determined at trial.

2. Attorney's fees and costs pursuant to the FDCPA, the WCPA, Washington state law, federal law, and the Governing Documents.

3. Award the Plaintiff such other and further relief that the court deems appropriate.

*Date*: <u>08/23/2023</u>           /s/ *Steven C. Hathaway*_____
                                 Steven C. Hathaway, WSBA # 24971
                                 Attorney for Plaintiff
                                 shathaway@expresslaw.com

ADVERSARY COMPLAINT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

26