**Below is the Order of the Court.**

**Christopher M. Alston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

---

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>TIMOTHY ALEX BRUTON,<br><br>    Debtor, | Chapter 13 Proceeding<br><br>No. 23-010644-CMA |
| TIMOTHY ALEX BRUTON,<br><br>    Plaintiff,<br>vs.<br><br>GLENHAVEN LAKES CLUB, INC., GREGORY E. THULIN DBA THE LAW OFFICES OF GREGORY E. THULIN, P.S., AND ANDRE BRIONEZ,<br><br>    Defendant. | Adversary No. 23-01058-CMA<br><br>[PROPOSED] ORDER ON DEFENDANT GREGORY E. THULIN D/B/A THE LAW OFFICE OF GREGORY E. THULIN'S RULE 12(b)(6) MOTION TO DISMISS |

THIS MATTER came before the Court on Defendant Gregory E. Thulin d/b/a The Law Office of Gregory E. Thulin's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint as to the claims against Mr. Thulin. (ECF 43). The Court has reviewed and considered the following records and files herein:

1. The Court's Order on Defendant Thulin's First Motion to Dismiss, (ECF 40);
2. Plaintiff's First Amened Adversary Complaint, (ECF 41);
3. Defendant Gregory E. Thulin d/b/a The Law Office of Gregory E. Thulin's Rule 12(b)(6) Motion to Dismiss (Dkt 43);

ORDER ON DEFENDANT THULIN'S RULE 12(b)(6)
MOTION TO DISMISS - 1
7516877.doc



701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

4. Plaintiff's Response to Defendant Gregory E. Thulin d/b/a The Law Office of Gregory E. Thulin's Rule 12(b)(6) Motion to Dismiss (Dkt 49); and

5. Defendant Gregory E. Thulin d/b/a The Law Office of Gregory E. Thulin's Reply on Rule 12(b)(6) Motion to Dismiss, including an objection to Judicial Notice (Dkt 50).

On April 11, 2024, the Court heard oral argument on Defendant Thulin's Motion to Dismiss Amended Complaint. After considering the documents set forth above, the legal authority contained therein, and argument of counsel, it is HEREBY ORDERED as follows:

1. Defendant Gregory E. Thulin's Rule 12(b)(6) Motion to Dismiss Amended Complaint is GRANTED as follows. This decision applies only to Defendant Gregory Thulin.

2. <u>Standard Under Rule 12(b)(6)</u>. Mr. Thulin has moved to dismiss claims under Fed.R.Civ.P 12(b)(6), which is made applicable by Bankruptcy Rule 7012. To survive a motion to dismiss, a Plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Plaintiff must establish "plausibility as opposed to conceivability of its causes of action in the complaint." *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013). Where there are well pleaded factual allegations the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). When a court considers a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and viewed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). On a Rule 12(b)(6) motion the court can dismiss the Plaintiff's claims with prejudice where amendment of the pleadings would be futile. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Futility alone can justify denial of a motion to amend. *Id*. at 1077.

ORDER ON DEFENDANT THULIN'S RULE 12(b)(6)
MOTION TO DISMISS - 2
7516877.doc



701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

Case 23-01058-CMA    Doc 72    Filed 04/23/24    Ent. 04/23/24 13:59:50    Pg. 2 of 7

3. <u>Third, Fifth, and Seventh Causes of Action</u>. Plaintiff has acknowledged that he is not asserting claims against Defendant Greg Thulin for (1) breach of contract, (2) violation of the automatic stay, or (3) objecting to any bankruptcy claim. To the extent that the First Amended Complaint could be construed as asserting any of these claims against Mr. Thulin, these specific causes of action are hereby dismissed with prejudice.

4. <u>Washington Consumer Protection Act ("CPA") (Second Cause of Action)</u>. This Court previously held that, while a violation of the FDCPA may be evidence of an unfair or deceptive act or practice, a violation of the FDCPA standing alone is not a per se violation of the CPA because the Washington Legislature has not declared it so. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 786-87, 719 P.2d 531, 535 (1986). Thus, the FDCPA claims raised by the Plaintiff cannot, on their own, form a *per se* CPA claim, and instead the Plaintiff's CPA claim must meet the five-part test provided in *Hangman Ridge*. To prevail in a private CPA action, a plaintiff must establish five distinct elements, including: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that affects the public interest, (4) damages, and (5) the damages must relate to the alleged violation. *Id.*, at 780. Mr. Thulin argues that Plaintiff fails to meet the second element of "trade or commerce," since CPA claims against a lawyer are not "trade or commerce" unless they implicate the entrepreneurial aspects of the firm. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602-03, 200 P.3d 695, 698–99 (2009). Plaintiff in response asserts that Mr. Thulin's actions as an attorney in the underlying matter constitute debt collection that can be considered trade or commerce for purposes of the CPA. The CPA defines "trade or commerce" as "the sale of assets or services in any commerce directly or indirectly affecting the people of the state of Washington. RCW 19.86.010(2). Law firms or attorneys may be liable under the CPA where they "go outside the practice of law and engage in a commercial enterprise." *Styrk v. Cornerstone Invs., Inc.*, 61 Wn. App. 463, 471, 810 P.2d 1366, 1371 (1991). *See also Hoffman v.*

ORDER ON DEFENDANT THULIN'S RULE 12(b)(6)
MOTION TO DISMISS - 3
7516877.doc

701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

Case 23-01058-CMA    Doc 72    Filed 04/23/24    Ent. 04/23/24 13:59:50    Pg. 3 of 7

*Transworld Sys., Inc.*, 806 F. App'x 549, 553 (9th Cir. 2020) ("Although the CPA has no application to the performance of legal services, and filing false affidavits is not an entrepreneurial aspect of the practice of law, law firms and attorneys may be liable under the CPA where they go outside the practice of law and engage in a commercial enterprise such as debt collection") (citations, quotations marks, and brackets omitted). However, courts have routinely held that actions taken within the course of litigation are not "trade or commerce" under the Washington CPA. *See e.g. Anglin v. Merchants Credit Corp.*, No. 18-CV-507-BJR, 2020 WL 4000966, at *6 (W.D. Wash. July 15, 2020), *aff'd*, 2022 WL 964216 (9th Cir. Mar. 30, 2022; *Blake v. Fed. Way Cycle Ctr.*, 40 Wn. App. 302, 312, 698 P.2d 578, 584 (1985); *Medialdea v. Law Office of Evan L. Loeffler PLLC*, No. C09-55RSL, 2009 WL 1767185, at *8 (W.D. Wash. June 19, 2009). Plaintiff failed to explain why Mr. Thulin's conduct rises beyond conduct in the course of litigation and the allegations in the first amended complaint continue to relate only to the foreclosure litigation that Mr. Thulin commenced against Plaintiff on behalf of his client, Glenhaven Lakes Club. The Court therefore dismisses the CPA claim and, given that this is Plaintiff's second attempt, and he has still been unable to allege facts to support the second element of the *Hangman Ridge* test, dismissal is hereby with prejudice.

5. <u>Fraud/Misrepresentation (Fourth Cause of Action)</u>. To support a claim of fraud and/or misrepresentation, a plaintiff must prove that he relied upon the allegedly false representations. *Lawyers Title Ins. Corp. v. Baik*, 147 Wn.2d 536, 545, 55 P.3d 619 (2002); *In re Pac. Nw. Storage LLC*, 386 B.R. 764, 770–71 (Bankr. W.D. Wash. 2007). Mr. Thulin seeks dismissal of the claim of fraud and grossly negligent misrepresentation. Plaintiff asserts in the First Amended Complaint that Mr. Thulin prepared documents related to the foreclosure complaint that included misrepresentations upon which Plaintiff relied. However, the First Amended Complaint continues to maintain assertions that Plaintiff actually disputed these alleged misrepresentations. *See* (ECF 41 at 5) ("After receiving the shutoff notice, Plaintiff

ORDER ON DEFENDANT THULIN'S RULE 12(b)(6) MOTION TO DISMISS - 4
7516877.doc

701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

Case 23-01058-CMA    Doc 72    Filed 04/23/24    Ent. 04/23/24 13:59:50    Pg. 4 of 7

| | |
|---|---|
| 1 | went to the GLC office and disputed the amounts that were alleged to be owed"). *See also* |
| 2 | (ECF 41 at 16) ("On December 8, 2022, Plaintiff went to the GLC office and spoke with the |
| 3 | operations manager Becky Dodd, specifically advising her that he disputed the amounts owed |
| 4 | and that he intended to defend the lawsuit and the proposed foreclosure of his home"). |
| 5 | This Court previously dismissed the identical claim on the basis that Plaintiff had failed to plead |
| 6 | plausible facts to support a claim either that Mr. Thulin knew his representations were false or |
| 7 | that Plaintiff relied on any of Mr. Thulin's representations. (ECF 40 at 3-4). Mr. Thulin asserts |
| 8 | that Plaintiff's allegations that he disputed the alleged misrepresentations contradict his claimed |
| 9 | reliance upon these representations. In response, Plaintiff makes no further argument about |
| 10 | why these claims should survive the motion to dismiss. The Court therefore hereby dismisses |
| 11 | with prejudice the claims for fraud/misrepresentation against Mr. Thulin. |

6. <u>Civil Conspiracy (Sixth Cause of Action)</u>. Plaintiff's First Amended Complaint alleges that Mr. Thulin and his client, Glenhaven Lakes Club, through its representative Mr. Brionez participated in a civil conspiracy in the preparation and filing of several documents including lien notices, the foreclosure complaint, the judgment, and other papers and pleadings. This court previously held: "The relationship of an attorney and client is one of agency, so they constitute a single legal entity that cannot conspire with itself. *Herman v. Safeco Ins. Co. of Am.*, 104 Wn. App. 783, 788, 17 P.3d 631, 633, n3 (2001). To hold that a conspiracy can exist between an attorney and his client runs counter to the fundamental notion that attorneys act on behalf of their clients and owe their clients a duty of loyalty. *Johnson v. U.S. Bancorp*, No. 10-0960-RSM, 2011 WL 13193269 at 2 (W.D. Wash. July 15, 2011). *See* (ECF 40 at 4). In response to the motion to dismiss, Plaintiff makes no further argument about why these claims should survive this motion to dismiss. Therefore, the civil conspiracy claim is hereby dismissed with prejudice, since Plaintiff could not allege facts to support the conspiracy claim.

ORDER ON DEFENDANT THULIN'S RULE 12(b)(6)
MOTION TO DISMISS - 5
7516877.doc



701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

7. <u>Fair Debt Collection Practices Act ("FDCPA") (First Cause of Action)</u>. Plaintiff alleged that Mr. Thulin has engaged in multiple violations of the FDCPA, 15 U.S.C. § 1692. The Court previously dismissed with prejudice FDCPA claims based on events occurring prior to 08/23/22, pursuant to the statute of limitations in 15 U.S.C. § 1692k(d). In regard to the remaining FDCPA claims based on allegations occurring after 08/23/22, Mr. Thulin asserts that Plaintiff's claims fail because they are based on alleged business loss, not a consumer transaction. *See Turner v. Cook*, 362 F.3d 1219, 1228 (9th Cir. 2004). The basis for this allegation is that the First Amended Complaint requests damages related to a business run at the subject real property. In response, Plaintiff argues that the subject real property is also his residence. Mr. Thulin's reply requests that the Court disregard these additional facts and dismiss the claim. The Court will dismiss this claim, but it is dismissed without prejudice, because this claim could be saved by allegations of facts that could satisfy the legal test.

8. <u>Amendment Permitted Only as to FDCPA Claim</u>. While all other claims against Mr. Thulin are dismissed with prejudice, the Court has granted Plaintiff leave to amend the complaint solely as to the FDCPA claim. If the Plaintiff wishes to further amend the complaint to pursue the FDCPA claim against Mr. Thulin, he must do so by April 25, 2024 and, if he does not, the next business day Mr. Thulin's counsel will be entitled to submit an ex parte order dismissing the remaining FDCPA claim against him with prejudice.

9. <u>Compliance With Federal Rule Civil Procedure 10(b)</u>. Fed.R.Civ.P. 10(b), made applicable by Fed.R.Bank.P. 7010 provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading." Fed. R. Civ. P. 10(b). This rule promotes clarity. Therefore, if Plaintiff wishes to file a second amended complaint to pursue the FDCPA claim against Mr. Thulin, then he must comply with Fed.R.Civ.P. 10(b). If

ORDER ON DEFENDANT THULIN'S RULE 12(b)(6)
MOTION TO DISMISS - 6
7516877.doc



701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

Case 23-01058-CMA    Doc 72    Filed 04/23/24    Ent. 04/23/24 13:59:50    Pg. 6 of 7

Plaintiff chooses to file a Second Amended Complaint, then all of the defendants will have 14 days from that filing to file an Answer to the Second Amended Complaint.

### /// IT IS SO ORDERED ///

### /// END OF ORDER ///

Presented By:

LEE SMART, P.S., INC.

s/ Marc Rosenberg
Marc Rosenberg, WSBA No. 3134
Attorney for Defendant
Gregory Thulin d/b/a
The Law Office of Gregory E. Thulin


HATHAWAY HOLLAND LAW FIRM, PLLC

s/ Steven C. Hathaway
Steven C. Hathaway, WSBA No. 24971
Attorney for Plaintiff
Timothy Bruton


GORDON REES SCULLY MANSUKHANI, LLP

s/ Virginia Leeper
Virginia Leeper, WSBA No.: 10576
Attorney for Defendants
Glenhaven Lakes Club, Inc.,
and Andre Brionez

ORDER ON DEFENDANT THULIN'S RULE 12(b)(6) MOTION TO DISMISS - 7
7516877.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

Case 23-01058-CMA    Doc 72    Filed 04/23/24    Ent. 04/23/24 13:59:50    Pg. 7 of 7