Honorable Christopher M. Alston
Chapter 13

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>TIMOTHY ALEX BRUTON,<br>        *Debtor*,<br>_____<br><br>TIMOTHY ALEX BRUTON,<br>        *Plaintiff*,<br><br>vs.<br><br>GLENHAVEN LAKES CLUB, INC., GREGORY E. THULIN DBA THE LAW OFFICES OF GREGORY E. THULIN, P.S., AND ANDRE BRIONEZ,<br>        *Defendants*.<br>_____ | Chapter 13 Proceeding<br><br>Case No. 23-10644-MLB<br><br>Adversary No. 23-01058-MLB<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT ORDER DATED APRIL 23, 2024 |

## MOTION FOR RECONSIDERATION

**COMES NOW** Timothy Alex Bruton ("Plaintiff") and respectfully requests that the Court reconsider its Order dated April 23, 2024, wherein it dismisses with prejudice Plaintiff's claim for violation of the Washington Consumer Protection Act, *RCW 19.86 et seq.* ("WCPA") against Defendant Gregory E. Thulin d/b/a The Law Offices of Gregory E. Thulin, P.S.'s ("Defendant Thulin"). Adv. ECF 72.

This motion is brought pursuant to Local Bankr. Rule W.D. Wash. Bankr. 9013-1(h).

## FACTUAL ALLEGATIONS

1. On January 9, 2024, Judge Barreca entered an order that Plaintiff had alleged sufficient factual matter in its original complaint (Adv. ECF 1) accepted as true to state claims for relief

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF COURT
ORDER DATED APRIL 23, 2024.

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

1

Case 23-01058-CMA    Doc 76    Filed 05/07/24    Ent. 05/07/24 12:13:35    Pg. 1 of 5

under the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA") against Defendant Thulin. Adv. ECF 40.

2. Judge Barreca dismissed the Plaintiff's other causes of action against Defendant Thulin that were identified in the original complaint with leave to amend. Id.

3. On January 19, 2024, Plaintiff filed his First Amended Complaint. Adv. ECF 41.

4. On January 29, 2024, Defendant Thulin filed a motion to dismiss Plaintiff's First Amended Complaint. Adv. ECF 43.

5. On April 23, 2024, the Court entered an order dismissing Plaintiff's First Amended Complaint against Defendant Thulin in its entirety with leave to amend only the FDCPA claim. Adv. ECF 72.

6. The Court dismissed with prejudice Plaintiff's WCPA claim against Defendant Thulin. Id.

7. On April 24, 2024, Plaintiff filed his Second Amended Complaint which included only the FDCPA claim against Defendant Thulin. Adv. ECF 73.

8. On May 3, 2024, Defendant Thulin filed an answer to Plaintiff's Second Amended Complaint. Adv. ECF 75.

## PLAINTIFF'S WCPA CLAIM AGAINST DEFENDANT THULIN

9. Plaintiff respectfully submits the Court should have granted him leave to include the WCPA claim in his Second Amended Complaint because his First Amended Complaint (Adv. ECF 41) and his response to Defendant Thulin's Motion to Dismiss First Amended Complaint (Adv. ECF 49) contained sufficient factual content and facial plausibility to allow the Court to draw the reasonable inference that Defendant Thulin is liable to Plaintiff for violation of the WCPA.

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF COURT
ORDER DATED APRIL 23, 2024.

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

2

Case 23-01058-CMA    Doc 76    Filed 05/07/24    Ent. 05/07/24 12:13:35    Pg. 2 of 5

10. On February 21, 2024, Plaintiff responded to Defendant Thulin's Motion to motion to dismiss Plaintiff's First Amended Complaint (Adv. ECF 49) which included the following allegations and supporting authority:

> DEBT COLLECTION IS A COMMERCIAL ENTERPRISE. Law firms and attorneys may be liable under the WCPA where they "go[ ] outside the practice of law and engage[ ] in a commercial enterprise" such as debt collection.[1]
>
> 1. Defendant Thulin is engaged in the commercial enterprise of debt collection.
>
> 2. Plaintiff's WCPA claims are based on Defendant Thulin's deceptive debt-collection activities including, without limitation, false, deceptive, and misleading lien notice, foreclosure complaint, declarations and exhibits, default judgment, etc. Plaintiff's WCPA claims are not based on Defendant Thulin's performance of legal services.
>
> 3. Plaintiff has incurred injury because of Defendant Thulin's deceptive debt-collection activities.
>
> A WCPA claim may be based on a per se violation of a statute <u>or on unfair or deceptive practices unregulated by statute but involving the public interest</u>.[2] Emphasis added.
>
> Thulin is engaged in debt collection which is a business legislatively declared to affect the public interest.

Adv. ECF 49, pages 3-4.

11. Plaintiff response to Defendant Thulin's Motion to motion to dismiss also included the following allegations and supporting authority:

> INTERSTATE COMMERCE. "Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce."[3]

Adv. ECF 49, page 4.

---

[1] *Hoffman v. Transworld Sys.*, No. 19-35058 (9th Cir. Mar 19, 2020); *Styrk v. Cornerstone Invs., Inc.*, 810 P.2d 1366, 1371 (1991).
[2] *Coast to Coast Stores, Inc. v. Gruschus*, 100 Wash.2d 147, 164, 667 P.2d 619 (1983).
[3] 15 U.S.C. § 1692.

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF COURT
ORDER DATED APRIL 23, 2024.

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

3

Case 23-01058-CMA    Doc 76    Filed 05/07/24    Ent. 05/07/24 12:13:35    Pg. 3 of 5

## DEFENDANT THULIN VIOLATED THE <u>WASHINGTON CONSUMPER PROTECTION ACT</u>

12. The CPA is to be "liberally construed that its beneficial purposes may be served." RCW 19.86.920; *Short v. Demopolis*, 103 Wn.2d 52, 61, 691 P.2d 163 (1984).

13. The elements of a private WCPA violation are (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiff in his or her business or property; and (5) such injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785, 719 P.2d 531 (1986).

14. The first element will be satisfied if Plaintiff prove that Defendant Thulin violated the FDCPA.

15. If Defendant Thulin violated the FDCPA the second element is satisfied because debt collection practices directly affect interstate commerce. 15 U.S.C. § 1692. Congressional findings and declaration of purpose.

16. If Defendant Thulin violated the FDCPA the third element is satisfied because "[T]he business of debt collection affects the public interest." *Panag v. Farmers Ins. Co.*, 166 Wn. 2d 27, 54 (Wash. 2009).

17. The fourth and fifth elements are similarly satisfied because there was injury to Plaintiff proximately caused by Defendant Thulin's numerous violations of the FDCPA.

Based on the foregoing, and for the reasons stated, Plaintiff respectfully requests that the Court reconsider its decision to dismiss with prejudice the WCPA claim against Defendant Thulin.

*Dated*: <u>05/07/2024</u>  <u>/s/ Steven C. Hathaway</u>
Steven C. Hathaway, WSBA #24971
Attorney for Plaintiff

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF COURT
ORDER DATED APRIL 23, 2024.

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

4

Case 23-01058-CMA    Doc 76    Filed 05/07/24    Ent. 05/07/24 12:13:35    Pg. 4 of 5

# DECLARATION OF SERVICE

THE UNDERSIGNED CERTIFIES UNDER PENALTY OF PERJURY THAT ON 05/07/2024 THE UNDERSIGNED CAUSED TO BE DELIVERED EITHER BY FIRST CLASS MAIL, LEGAL MESSENGER OR ELECTRONICALLY A COPY OF THIS RESPONSE TO MOTION TO DISMISS TO THE U.S. TRUSTEE, THE CHAPTER 13 TRUSTEE, COUNSEL FOR DEFENDANT THULIN, AND THE PLAINTIFF.

*Date*: 05/07/2024    /s/ Simone M. Hathaway
Simone M. Hathaway, Legal Assistant

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF COURT
ORDER DATED APRIL 23, 2024.

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

5