Honorable Christopher M. Alston
Chapter 13
Location: 700 Stewart St., Courtroom 7206
Hearing Date: September 26, 2024
Time: 11:00 AM
Response Date: September 19, 2024

## UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Proceeding |
| | ) | |
| TIMOTHY ALEX BRUTON, | ) | Case No. 23-10644-CMA |
| *Debtor*, | ) | |
| _____ | ) | Adversary No. 23-01058-CMA |
| | ) | |
| TIMOTHY ALEX BRUTON, | ) | PLAINTIFF'S MOTION FOR |
| *Plaintiff*, | ) | SUMMARY JUDGMENT |
| | ) | |
| vs. | ) | **AMENDED** |
| | ) | |
| GLENHAVEN LAKES CLUB, INC., GREGORY | ) | |
| E. THULIN DBA THE LAW OFFICES OF | ) | |
| GREGORY E. THULIN, P.S., AND | ) | |
| ANDRE BRIONEZ, | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

**COMES NOW** Timothy Alex Bruton ("Plaintiff"), by and through his attorney Steven Hathaway, and moves the Court for summary judgment against Defendant Glenhaven Lakes Club, Inc. ("GLC") on his claims for Breach of Contract, Violation of the Automatic Stay, 11 U.S.C. § 362, and Objection to Proof of Claim No. 1.

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

1

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 1 of 24

# A. SUMMARY OF PLAINTIFF'S ARGUMENT

Plaintiff is entitled to summary judgment on his claims against GLC because there are no issues of material fact on Plaintiff's claims for Breach of Contract, Violation of the Automatic Stay, 11 U.S.C. § 362, and Objection to Proof of Claim against GLC as set forth below:

# B. STATEMENT OF FACTS

1. Defendant Glenhaven Lakes Club, Inc. ("GLC") is the homeowner association ("HOA") for the Whatcom County subdivision known as Glenhaven.

2. GLC's governance of the HOA must comply with the terms and conditions of its Governing Documents,[1] the Washington Nonprofit Corporation Act, RCW 24.03A, the Washington Homeowners Association Act, RCW 64.38 et seq., and other federal and state laws.

3. On August 27, 2008, Plaintiff purchased a home at 515 Summit Place, Sedro Woolley, Washington, which is located on Glenhaven Lots 15 and 16 ("the Property").

4. Plaintiff purchased the Property from Marilyn Methven pursuant to the terms of a note secured by a deed of trust recorded against the Property. Bruton Dec., ¶ 3.

5. Upon purchasing the Property Plaintiff became a member of GLC HOA.

6. Plaintiff believed mortgage holder Marilyn Methven was paying the monthly HOA dues and water charges. Bruton Dec., ¶¶ 4 and 8.

7. On November 28, 2018, GLC attorney Defendant Gregory Thulin recorded a Notice of Lien against the Property in the amount of $7,675.32. Hathaway Dec., Ex. 1. This lien

---

[1] "Governing Documents" mean GLC's Amended and Restated Bylaws ("Bylaws"), Amended and Restated Declaration of Covenants and Restrictions ("CC&R's"), Amended and Restated Articles of Incorporation, the Plat for GLC recorded in the office of the Whatcom County Auditor, any Rules and Regulations adopted by the Board, and any lawful amendments to all such documents.

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

2

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 2 of 24

notice was the first Plaintiff became aware that he owed delinquent dues and water charges to GLC HOA. Bruton Dec., ¶ 10.

8. In mid-January 2019 Plaintiff met with GLC manager Bekki Dodd about the November 28, 2018, lien notice. Bruton Dec., ¶ 11. This meeting was confirmed by GLC manager Bekki Dodd in a letter dated January 18, 2019. Hathaway Dec., Ex. 2. Grover Dec., ¶ 3.

9. During the mid-January 2019 meeting Plaintiff advised Ms. Dodd he had never received a statement, or any other notice of the amounts alleged to be owed prior to receipt of the November 28, 2018, lien notice and requested the amounts be reduced. Bruton Dec., ¶ 11.

10. Bekki Dodd told Plaintiff GLC had been sending all notices and correspondence to 1760 Emerald Lake Way, Bellingham, WA. Plaintiff asked Bekki Dodd why they would send notices to that address when he had never lived there, had never given GLC that address, and that address was not even located in the GLC subdivision Glenhaven. Bruton Dec., ¶ 12. Hathaway Dec., Ex. 3.

11. Plaintiff advised GLC manager Bekki Dodd that his mailing address was 112 Ohio Street, #108, Bellingham, Washington (his CPAs office) and that all future correspondence from GLC to Plaintiff should be sent to that address. Bruton Dec., ¶ 13.

12. Plaintiff went to the February 18, 2019, GLC Board of Directors ("Board") meeting and advised the Board that he had never received a statement, or any other notice of the amounts alleged to be owed prior to receiving the November 28, 2018, lien notice. Bruton Dec., ¶ 14. Hathaway Dec., Ex. 4.

13. On February 21, 2019, the Plaintiff paid the amount identified in the November 28, 2018, Notice of Lien with a cashier's check in the amount of $7,675.32. Hathaway Dec., Ex. 5.

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

3

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 3 of 24

14. When the Plaintiff paid the $7,675.32, he was told by GLC manager Bekki Dodd that his water meter would be unlocked. Bruton Dec., ¶ 15.

15. Plaintiff's water meter was not unlocked after the payment of the November 28, 2018, lien as promised. Bruton Dec., ¶ 15.

16. Plaintiff had a plumber come to his home to help him hook up his water, but he could not do so because the water meter was locked. Bruton Dec., ¶ 16.

17. Plaintiff had several people come to his home to help him who observed that the water meter was locked after he had made the February 21, 2019, payment to GLC. Bruton Dec., ¶ 17; Declaration of Arthur Gould; Declaration of Robert Berka; Declaration of Amy Phillips – First, and Declaration of Amy Phillips – Second.

18. Plaintiff never told GLC or anyone from GLC not to unlock his water meter. Bruton Dec., ¶ 18.

19. Plaintiff's water meter was not unlocked until June 12, 2023, over 4.5 years after he was told it would be unlocked, and only after his Chapter 13 bankruptcy filing and demand by Plaintiff's counsel. Bruton Dec., ¶ 19. Hathaway Dec., Ex. 6.

20. GLC has imposed and collected fees and other charges for water service that was not provided to Plaintiff. Bruton Dec., ¶ 19.

21. On August 24, 2022, Defendant Thulin recorded a Notice of Lien against the Plaintiff's home in the amount of $6,222.40. Hathaway Dec., Ex. 7.

22. The August 24, 2022, Notice of Lien contains noncompliance fines in the amount of $1,625 for the period of June 8, 2022, through July 1, 2022. See Ex. 7.

23. On October 26, 2022, GLC attorney Defendant Thulin filed a judicial foreclosure ("Foreclosure Complaint") against Plaintiff in Whatcom County Superior Court. Hathaway Dec., Ex. 8.

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

4

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 4 of 24

24. On January 5, 2023, former Board President Andre Brionez filed a sworn declaration in support of a Default Judgment and Decree of Foreclosure against Plaintiff. Hathaway Dec., Ex. 9.

25. On January 5, 2023, GLC attorney Defendant Thulin entered a Default Judgment and Decree of Foreclosure against Plaintiff. Hathaway Dec., Ex. 10.

26. A Sheriff's sale of Plaintiff's Property was scheduled for April 14, 2023. Hathaway Dec., Ex. 11.

27. On April 9, 2023, Plaintiff filed the underlying Chapter 13 proceeding to stop the Sheriff sale of the Property. Bkr. Doc. 1.

28. On June 20, 2023, GLC filed Proof of Claim No. 1, in the amount of $18,605.92, in Plaintiff's underlying Chapter 13 proceeding.

29. Plaintiff's Chapter 13 plan provides for payment of ongoing HOA fees and quarterly water charges to GLC. Bkr. Doc. 33.

30. Plaintiff's Chapter 13 plan was confirmed on August 18, 2023. Bkr. Doc. 37.

31. Plaintiff has made all plan payments to the Chapter 13 Trustee. Bruton Dec., ¶ 24.

32. The Chapter 13 Trustee has paid Plaintiff's monthly HOA fees and quarterly water charges to GLC.  Hathaway Dec., Ex. 12.

33. On April 5, 2023, the Opportunity Council paid $3,864 to GLC of which $2,864.00 was dedicated to Plaintiff's then total outstanding water bill with the balance of $1,000 dedicated to payment of Plaintiff's future water charges. Hathaway Dec., Ex. 13.

34. Despite receiving the Opportunity Council payment, and despite Plaintiff's Chapter 13 plan providing for payment of all Plaintiff's dues and water charges GLC did unlock

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

5

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 5 of 24

Plaintiff's water meter for over two months, and then only after the demand of Plaintiff's counsel. See Hathaway Dec., Ex. 6.

35. Plaintiff filed this adversary proceeding on August 23, 2023.

## C. STATEMENT OF THE ISSUES

36. Whether Plaintiff's motion for summary judgment should be granted on his claims for Breach of Contract, Violation of the Automatic Stay, 11 U.S.C. § 362, and Objection to Proof of Claim when there is no genuine dispute as to material facts and he is entitled to judgment as a matter of law.  Yes.

## D. EVIDENCE RELIED UPON

37. This Response in Opposition is based on all pleadings, records, and documents in the court file including, without limitation:

    a.  Plaintiff's Second Amended Complaint.

    b.  The Declaration of Timothy Bruton in Support of this motion.

    c.  The Declaration of Plaintiff's Counsel in support of this motion and supporting exhibits.

    d.  Declaration of Nathan Grover.

    e.  Declaration of Amy Phillips -- First and Second.

    f.  Declaration of Arthur Gould.

    g.  Declaration of Robert Berka, Jr., and

    h.  The entire court file.

## E. AUTHORITY AND ARGUMENT

38. Summary judgment is appropriate when there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

6

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 6 of 24

satisfied its burden, it is entitled to summary judgment if the non-moving party fails to

present, by affidavits, depositions, answer to interrogatories, or admissions on file,

"specific facts showing that there is a genuine issue for trial." <u>Celotex Corp. v. Catrett</u>,

477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  "The mere existence of a

scintilla of evidence in support of the non-moving party's position is not sufficient."

<u>Triton Energy Corp. v. Square D Co.</u>, 68 F.3d 1216, 1221 (9th Cir. 1995).  In other

words, "summary judgment should be granted where the non-moving party fails to offer

evidence from which a reasonable [fact finder] could return a [decision] in its favor." <u>Id</u>.

at 68 F.3d at 1220.

39.  The Ninth Circuit Court of Appeals has determined: "In opposing summary judgment, a

nonmoving party must go beyond the pleadings and, by her own affidavits, or by the

depositions, answers to interrogatories, and admissions on file, designate specific facts

showing that there is a genuine issue for trial." <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1218

(9th Cir. 2007) (internal quotation marks omitted); see also <u>Estate of Tucker ex rel.</u>

<u>Tucker v. Interscope Records, Inc.</u>, 515 F.3d 1019, 1033 n.14 (9th Cir. 2008). The

nonmoving party must present significant probative evidence to support its allegations.

## I. BREACH OF CONTRACT

40.  **Contract is a Promise with Remedy for Breach**. "A contract is a promise or set of

promises for the breach of which gives a remedy, or the performance of which the law in

some way recognizes as a duty." Restatement (Second) of Contracts § 1 (1981).

<u>Mohandessi v. Urban Venture</u>, 13 Wash. App. 2d 681, 699 (Wash. Ct. App. 2020).

41.  **GLC Bylaws Contain Promises with Remedy for Breach**. The GLC Bylaws provide:

"Failure to comply with any of the terms of the Governing Documents shall be grounds

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

7

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 7 of 24

for legal relief, including without limitation, actions to recover any sums due for money damages, . . . any other relief provided for in these Bylaws or any combination thereof and any other relief afforded by a court of competent jurisdiction . . . by any aggrieved Owner, and shall not constitute an election of remedies." Hathaway Dec., Ex. 14 at ¶ 7.3.

42. **GLC Bylaws Provide for Attorney Fees and Costs**. The Bylaws provide that the prevailing party in any dispute "shall be entitled to recover the costs of the proceeding, and such reasonable attorney's fees as may be determined by the court." Hathaway Dec., Ex. 9 at ¶ 7.4.

43. **Contract Interpretation**. The Washington Supreme Court recently held that interpretation of covenants is a question of law based on the rules of contract interpretation. Bangerter v. Hat Island Cmty. Ass'n, 199 Wash.2d 183 (Wash. 2022) (citing Wilkinson v. Chiwawa Cmtys. Ass'n , 180 Wash.2d 241, 249 (2014) ); Kiona Park Ests. v. Dehls, 18 Wash. App. 2d 328, 334-35 (2021).

44. **GLC Governing Documents are Contracts**. An HOA's Governing Documents constitute a contract between the HOA and the homeowner. Roats v. Blakely Island Maint. Comm'n, Inc., 169 Wash. App. 263, 273-74 (2012) (governing documents are reviewed as contracts).

45. **GLC's Lien Authority Does Not Stem From Statute**. In Washington, an HOA's authority to record a lien against a homeowner's property for unpaid assessments does not flow from statute. While RCW 64.38.020 provides authority for the HOA to create CC&Rs, once the CC&Rs are recorded, the homeowner is bound to their terms. The CC&Rs, in effect, constitute a contract between the HOA and the homeowner. Castilian Hills Homeowners Ass'n v. Chaffins, No. 77389-5-I (Wash. App. Oct 22, 2018).

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

8

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 8 of 24

46. **Noncompliance Fines**. The Notice of Lien recorded against Plaintiff's home on August 24, 2022, contains $1,625.00 in noncompliance fines. Hathaway Dec., Ex. 7.

47. **Governing Documents Require Pre-Sanction Notice and Opportunity**. The Governing Documents provide that GLC Board may not impose any fine or special assessment for misconduct or suspension of membership privileges for any violation of the Governing Documents unless the allegedly offending Owner has been provided with written Notice of Violation prepared and hand-delivered or sent via registered/certified mail, return receipt requested. Hathaway Dec., Ex. 14 at ¶ 7.10 and ¶ 7.10.1.

48. The written notice must include:

   a. **Details**. The notice must contain the details of the alleged violations and the relevant section of the Governing Documents. Hathaway Dec., Ex. 9 at ¶ 7.10.1.1.

   b. **Amount**. The notice must advise of the proposed action against the Owner, including dollar amount of any fines. Hathaway Dec., Ex. 9 at ¶ 7.10.12.

   c. **Deadline**. The notice must advise of the deadline (minimum of 14 days from notice receipt) for the Owner to request a hearing and the address for this request. Hathaway Dec., Ex. 9 at ¶ 7.10.13.

   d. **Fixed Date**. The notice must advise the Owner of the date (minimum of 30 days from notice receipt) when the sanction will be applied if no hearing is requested. Hathaway Dec., Ex. 9 at ¶ 7.10.14.

49. **Plaintiff Not Given Notice and Opportunity to be Heard**. Plaintiff was not provided notice and opportunity to be heard regarding the alleged noncompliance fines identified in the Notice of Lien recorded against Plaintiff's home on August 24, 2022. He was not provided notice of the alleged violation including the details, the dollar amount of the

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

noncompliance fines the deadline for requesting a hearing, or when the sanction will be applied if no hearing was requested as required by Bylaws. Bruton Dec., ¶ 21.

50. **GLC MFSJ Includes no Evidence of Notice and Opportunity to be Heard**. GLC's motion for summary judgment contains no evidence that Plaintiff was provided the written notice detailing the alleged violations and the relevant section of the Governing Documents, the dollar amount of any fines, the deadline to request a hearing and the address for the request, or when the sanction would be applied if no hearing was requested. Adv. Doc. 102.

51. **Defendants Discovery Responses Contain no Evidence of Notice and Opportunity**. The Defendants have produced no evidence in its discovery responses that Plaintiff was provided the written notice required by the Bylaws.

52. **Breach of Contract**. GLC's failure to comply with the provisions of the Bylaws including, without limitation, failure to give Plaintiff notice and opportunity to be heard before charging him noncompliance fines, constitutes breach of contract.

53. **GLC Bylaws Provide for Attorney Fees and Costs**. The GLC Bylaws provide the prevailing party in any dispute "shall be entitled to recover the costs of the proceeding, and such reasonable attorney's fees as may be determined by the court." Hathaway Dec., Ex. 9 at ¶ 7.4.

54. **Chapter 4.84 Provides for Attorney Fees and Costs**. Washington law provides that the prevailing party in any contract dispute "shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements." RCW 4.84.330.

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

10

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 10 of 24

55. **Washington Law Requires Notice and Opportunity**. Chapter 64.38 RCW requires notice and an opportunity to be heard before levying fines for violating HOA bylaws. RCW 64.38.020(11). Castilian Hills Homeowners Ass'n, No. 77389-5-I at 5.

56. **GLC Violated Washington Law**. GLC's failure to give Plaintiff notice and opportunity to be heard before imposing noncompliance fines violated RCW 64.38.020(11).

57. **Chapter 64.38 Provides for Attorney Fees and Costs**. Any violation of the Washington Homeowners Association Act, RCW 64.38, "entitles an aggrieved party to any remedy provided by law or in equity. The court, in an appropriate case, may award reasonable attorneys' fees to the prevailing party." RCW 64.38.050.

## II. OBJECTION TO CLAIM

58. One of the tasks of bankruptcy courts is to allow or disallow claims asserted against the estate. To share in the distribution of the assets of an estate, a claim must be allowed. A claim which is filed is considered allowed unless a party objects. 11 U.S.C. § 502(a). One ground for objecting to a claim is that "a claim is unenforceable against the debtor and property of the debtor under ... any agreement or applicable law …" 11 U.S.C. § 502(b)(1). Since bankruptcy courts are in the business of allowing and disallowing claims, such a claim falls within the ambit of 11 U.S.C. § 105. Browning v. Navarro, 887 F.2d 553 (5th Cir. 1989).

59. State substantive law is applied to determine the existence and validity of a claim unless the Bankruptcy Code provides otherwise. In re Sparkman, 703 F.2d 1097, 1099 (9th Cir.1983); In re Fantastik, Inc., 49 B.R. 510 (Bankr.D.Nev.1985). However, "the allowance or disallowance of a claim is strictly a matter of federal law and is left to the bankruptcy court's just exercise of its equitable powers." In re Fantastik, Inc., 49 B.R. at

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

513. See <u>Vanston Bondholders Protective Committee v. Green</u>, 329 U.S. 156, 163 (1946), reh'g denied, 329 U.S. 833 (1947); 3 Collier on Bankruptcy § 502.01 (15th ed. 1986).

60. **<u>Proof of Claim No. 1</u>**. GLC's Proof of Claim No. 1 is based on an illegal foreclosure, includes noncompliance fines and penalties imposed in breach of the terms of the Governing Documents and in violation of Washington law, and does not include credit for the Opportunity Council payment. It is also subject to offset for damages GLC caused Plaintiff for breach of contract and violating the automatic stay.

61. **<u>GLC's Default Judgment Unenforceable</u>**. Defendants foreclosed on Plaintiff without Board approval as required by RCW 64.38.100(2)(d). Hathaway Dec., Ex. 15 at 31-33.

62. The Foreclosure Complaint does not allege the GLC Board approved the foreclosure against Plaintiff's home as required by RCW 64.38.100(2)(d). See Hathaway Dec., Ex. 8. It was not an issue that was pleaded or litigated in the default judgment against Plaintiff.

63. ". . . a judgment is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint." <u>In re Sung Ho Cha</u>, 483 B.R. 547 (B.A.P. 9th Cir. 2012); <u>Fitzgerald v. Herzer</u>, 177 P.2d 364, 366 ( citing <u>Horton v. Horton</u>, 116 P.2d 605, 608 (1941)).

64. **<u>No Evidence of Board Approval from Discovery Responses</u>**. GLC has produced no evidence in its discovery responses that the Board approved the foreclosure of Plaintiff's home. Plaintiff's counsel repeatedly asked GLC's attorney Virginia Leeper for proof of the Board approval of the foreclosure of Plaintiff's home on at least three separate

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

12

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 12 of 24

occasions. None has ever been provided. GLC's discovery responses included only a blank Foreclosure Approval Form. Hathaway Dec., Ex. 16.

65. Res judicata and collateral estoppel do not apply to the Whatcom County Superior Court default judgment and decree of foreclosure. GLC Board approval was not pleaded or litigated in the default judgment against Plaintiff.

66. The default judgment upon which the GLC's proof of claim is not allowable under 11 U.S.C. § 502(b)(1) because it is unenforceable against the Plaintiff and property of the estate under GLC's Governing Documents and Washington law.

67. **GLC Manager's Sworn Declaration**. GLC manager Bekki Dodd's sworn declaration filed in support of GLC's Motion for Summary Judgment states she presented the proposed foreclosure against Plaintiff's property, along with other foreclosures, to Glenhaven's Executive Committee for approval. Adv. Doc. 118 at ¶ 6. Ms. Dodd further states there are no mandated procedures for documenting foreclosure approvals. Id. at ¶ 8.

68. The evidence suggests GLC manager Bekki Dodd's declaration is false:

   a. It is not supported by any exhibits.

   b. It does not state the date of the alleged executive session.

   c. It does not include a list of the allegedly proposed foreclosures.

   d. It is not supported by any declaration from GLC Board members.

   e. The foreclosure of Plaintiff's Property was not filed in 2023. It was filed October 26, 2022 (see ¶ 85 of Second Amended Complaint, Adv. Doc 73).

   f. The GLC Bylaws require the Board to keep minutes of all actions, state the purpose for any closed sessions, restrict discussions at closed sessions to those

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

13

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 13 of 24

purposes, and vote again in an open meeting for any decisions made in closed sessions to become effective. Hathaway Dec., Ex. 14 at ¶ 5.2.7.

69. The GLC Board minutes contain no evidence that GLC manager Bekki Dodd presented the proposed foreclosure of Plaintiff's property, along with other foreclosures, to Glenhaven's Executive Committee for approval.

70. **GLC President's Sworn Declaration**. Andre Brionez' January 5, 2023, declaration includes $5,375 in noncompliance fines charged to Plaintiff's Lot 15 for the months of May 2022 through November 2022. See Hathaway Dec., Ex. 9.

71. The $5,375 noncompliance fees were imposed in violation of the notice and opportunity to be heard requirements of the Bylaws (Ex. 14 at ¶¶ 7.10 and 7.10.1) and Washington law. RCW 64.38.020(11).

### III. VIOLATION OF THE AUTOMATIC STAY

72. **Opportunity Council Payment**. On April 5, 2023, the Opportunity Council paid $3,846 to the GLC which included payment of Plaintiff's total outstanding water charges in the amount of $2,864.00, and $1,000 credit toward future water charges. The payment to GLC contains two pledges:

    a. REMARKS: This contains two pledges, 1 for debt owed and one to add credit.

    b. 1st pledge: $2,864.00 (water) (total for debt)—NOTE: SERVICE DISCONECTED

    c. 2nd pledge: $1,000 (total for credit once debt paid).

See Hathaway Dec., Ex. 13.

73. **GLC Received Opportunity Council Payment on April 24, 2023**. GLC received the Opportunity Council payment on April 24, 2023. Hathaway Dec., Ex. 17.

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

14

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 14 of 24

74. **GLC Applied Opportunity Council Payment to Prepetition Debt**. GLC applied the $3,864 Opportunity Council payment to Plaintiff's pre-petition debt on September 18, 2023. Hathaway Dec., Ex. 18.

75. **Plaintiff Requested Accounting**. On June 12, 2023, Plaintiff's counsel requested an accounting of the pre-petition HOA arrears including the application of the Opportunity Council's April 5, 2023, payment. See Hathaway Dec., Ex. 6.

76. **Accounting Finally Received 12 Months Late**. GLC did not provide an accounting of the Opportunity Council payment until May 15, 2024, nearly a year after it was paid. Adv. Doc. 92 at ¶ 21.

77. **Opportunity Counsel Payment is Property of Bankruptcy Estate**. In Chapter 13, property of the estate includes all property of the kind specified in section 541 that the debtor acquires after the commencement of the case, but before the case is closed, dismissed, or converted to a case under another chapter. 11 U.S.C. § 1306(a)(1).

78. Section 541(a) states property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7).

79. The Plaintiff's confirmed Chapter 13 plan provides, inter alia, "[p]roperty (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the Debtor post-petition shall vest in the Trustee and be property of the estate." Bankruptcy Doc 37.

80. **Automatic Stay**. Bankruptcy Code section 362(a) provides, in pertinent part, an automatic stay, applicable to all entities, prohibits:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

15

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 15 of 24

case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ....

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; ….

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; ....

11 U.S.C. § 362(a).

81. **GLC Violated the Automatic Stay re: Opportunity Council Payment**.

    a. **Continued action to Recover Prepetition Claim**. GLC's continued actions to recover a prepetition claim against Plaintiff violated 11 U.S.C. § 362(a)(1).

    b. **Exercise of Control over Property of the Estate**. GLC illegally exercised control over property of the estate in violation of 11 U.S.C. § 362(a)(3) by failing to notify or forward the Opportunity Council payment to the Chapter 13 Trustee.

    c. **Payment of Prepetition Debt**. GLC applied the entire Opportunity Council[2] payment to Plaintiff's pre-petition debt on September 18, 2023, in violation of 11 U.S.C. § 362(a)(6). See Hathaway Dec., Ex. 18.

82. **Payment not Credited**. GLC's Proof of Claim No. 1 filed June 20, 2023, does not include credit for the Opportunity Council payment despite the payment being made prior to the filing of the claim.

83. **GLC Violated the Automatic Stay**. GLC exercised control over property of Plaintiff's bankruptcy estate in violation of the automatic stay. 11 U.S.C. §362(a)(3).

---

[2] The Opportunity Council payment was specifically identified as being paid to restore Plaintiff's water service by paying the delinquent water bill in the amount of $2,864 and for future water bills in the amount of $1,000. Nevertheless, GLC applied the payment to a 2020 Pool Assessment ($168), 2021 HOA dues charge forward ($1,062), an April 2022 HOA dues ($374), etc.

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

84. **GLC Did Not Restore Plaintiff's Water Service**. GLC did not restore Plaintiff's water service after receipt of the Opportunity Council payment despite that being the payment's very purpose.

85. **GLC Violated the Stay re: Post-Petition Charges and Statements**. Fully aware of the automatic stay, and the ramifications for violating the automatic stay, and despite repeated warnings, GLC has continued to send Plaintiff statements and continued to charge post-petition late fees, fines, attorney fees, NSF fees, etc. Bruton Dec., ¶ 26.

   a. **On April 2, 2024**, GLC sent Plaintiff statements for Lot 15 and Lot 16 charging him post-bankruptcy late fees, fines, attorney fees, NSF fees, etc. Hathaway Dec., Ex. 19.

   b. **On May 1, 2024**, I emailed Virginia Leeper to notify her that GLC's ongoing demands for payment and collection efforts are severe violations of the automatic stay, causing additional distress to Mr. Bruton, who suffers from PTSD. I warned that if GLC continues these actions, I will seek damages, attorney fees, costs, and sanctions from the court. Hathaway Dec., Ex. 20.

   c. **On May 1, 2024**, GLC sent Plaintiff statements for Lot 15 and Lot 16 charging him post-bankruptcy late fees, fines, attorney fees, NSF fees, etc. Hathaway Dec., Ex. 21.

   d. **On May 8, 2024**, I emailed Virginia Leeper to report that GLC is still sending Mr. Bruton monthly statements and attempting to collect debt, which violates the automatic stay. I requested that GLC stop sending statements and assessing late fees or penalties, as Mr. Bruton's confirmed plan addresses these payments. I

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

17

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 17 of 24

warned that continued violations would lead me to seek sanctions. Hathaway Dec., Ex. 22.

e. **On May 8, 2024**, Virginia Leeper emailed me, stating that her client now understands they cannot send statements generated by their bookkeeping program and will issue separate invoices for new assessments. They previously sent prior statements for informational purposes, but will no longer do so. Hathaway Dec., Ex. 23.

f. **Statements and Post-Petition Charges Continue**. Despite Ms. Leeper's promises the statements and post-petition charges continued.

g. **On June 4, 2024**, GLC again sent Plaintiff statements for Lot 15 and Lot 16 charging him post-bankruptcy late fees, fines, attorney fees, NSF fees, etc. Hathaway Dec., Ex. 24.

h. **On July 1, 2024**, GLC again sent Plaintiff statements for Lot 15 and Lot 16 charging him post-bankruptcy late fees, fines, attorney fees, NSF fees, etc. Hathaway Dec., Ex. 25.

i. **On July 1, 2024**, I informed Virginia Leeper that her client was violating the automatic stay by sending HOA statements to Mr. Bruton's home address instead of the correct address provided (112 Ohio St., Ste. 108, Bellingham, WA 98225). Despite prior warnings on May 1 and May 8, 2024, this issue persists. I warned that if her client continues this practice, I will seek sanctions for the automatic stay violation. Hathaway Dec., Ex. 26.

86. **Egregious and Shocking Violation of the Automatic Stay**. GLC's violation of the automatic stay is continuing, egregious, and shocking. Plaintiff's counsel has repeatedly

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

18

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 18 of 24

advised GLC's counsel of the illegality of its actions in multiple phone conversations, emails, and in the original complaint, the first amended complaint, the second amended complaint, Plaintiff's motion to compel discovery responses, and other pleadings. Adv. Doc. 1 at 13-14; Adv. Doc. 41 at 30; Adv. Doc. 73 at 21, ¶ 178; Adv. Doc. 92 ¶ 15.

87. **GLC has Acted in Bad Faith**. GLC has acted in bad faith by withholding relevant evidence in violation of Rules 26-37 of the Federal Rules of Civil Procedure which required that he move to compel GLC's answers. Adv. Doc. 92.

88. **GLC Continues to Act in Bad Faith**. GLC continues to act in bad faith. It has not answered the interrogatories or provided documentation directed by the court in its Order on Motion to Compel Discovery Responses dated July 26, 2024. Hathaway Dec., Ex. 27.

89. **INTERROGATORY NO. 13**. Provide a comprehensive explanation of the grievance identified in GLC's November 9, 2020, board minutes.

    a. **SUPPLEMENTAL RESPONSE**: Glenhaven has performed a reasonable and duly diligent search of its records and has not located any responsive information or documents. Because the grievance was addressed in an executive session where no minutes are taken, there is no record of the substance of the grievance.

    b. **SUBSTANCE OF THE GRIEVANCE IS KNOWN**. The substance of the grievance is certainly known by GLC. Claiming otherwise is not believable. It is simply another example of GLC thumbing its nose at this court, the U.S. Bankruptcy Code, and Washington law. It seems that GLC believes that it can do whatever it wants regardless of the requirements of federal law, state law, and the rights of its members. It seems GLC is bent on hiding something.

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

19

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 19 of 24

c. **SIGNED BY GLC MANAGER BECKY DODD**. This supplemental response is signed by GLC manager Becky Dodd. She claims to remember that she presented the executive committee with the proposed foreclosure of Plaintiff's Property and other proposed foreclosures but claims the substance of the grievance is not known.

90. **INTERROGATORY NO. 16**. Provide a comprehensive explanation of the personnel matter(s) discussed during the executive session identified in GLC's October 12, 2020, board minutes.

a. **SUPPLEMENTAL RESPONSE**: Glenhaven has performed a reasonable and duly diligent search of its records and has not located any responsive information or documents. Because the personnel matter was addressed in an executive session where no minutes are taken, there is no record of the substance of that grievance. Upon information and belief, the personnel matter may have been related to Board members having personal issues with the new Board President, which were not related the activities or functioning of the Board.

b. **Same Arguments**. The same comments regarding the veracity of GLC and Ms. Dodd's allegations as expressed in the previous reply to Interrogatory 13.

91. **INTERROGATORY NO. 17**. Provide a comprehensive explanation of the course of action regarding the personnel issues that was approved in the executive session as identified in the October 14, 2020, board minutes.

a. **SUPPLEMENTAL RESPONSE**: Glenhaven has performed a reasonable and duly diligent search of its records and has not located any responsive information or documents. Because the personnel matter was addressed in an executive

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

session where no minutes are taken, there is no record of the substance of the grievance, or any course of action taken. Upon information and belief, the personnel matter may have been related to Board members having personal issues with the new Board President, which were not related the activities or functioning of the Board.

    b. **Same Arguments**. The same comments regarding the veracity of GLC and Ms. Dodd's allegations as expressed in the previous reply to Interrogatory 13.

92.   **REQUEST FOR PRODUCTION E.5**.  Produce all fee agreements between GLC and Gregory E. Thulin and/or Gregory E. Thulin dba as the Law Offices of Gregory E. Thulin, P.S.

    a. **SUPPLEMENTAL RESPONSE**: Mr. Thulin has been Glenhaven's attorney for over 20 years. Glenhaven has performed a reasonable and duly diligent search of its records and has not located any responsive documents. Glenhaven's practice, as was done in this case, is to pay Mr. Thulin a retainer, against which Mr. Thulin bills in lien and foreclosure actions.

    b. **GLC's Response Not Believable**.  In any event GLC can obtain a copy of the fee agreement from its attorney.  The production of the fee agreement has been ordered.  It is certainly relevant to the issues in this case whether the fees and charges it has been charging Plaintiff are valid.

93.   **GLC has Willfully Violated the Automatic Stay**.  Section 362(k) contains a specific cause of action against a creditor who causes injury to an individual by a willful violation of the section 362 stay. It provides:

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

21

Case 23-01058-CMA    Doc 131    Filed 08/29/24    Ent. 08/29/24 13:22:20    Pg. 21 of 24

(k) An individual injured by any willful violation of a stay provided by this

section shall recover actual damages, including costs and attorneys' fees, and, in

appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k).

94.     **Mandatory Damages, Attorney Fees, and Costs**. "The words `shall recover' indicate

that Congress intended that the award of actual damages, costs and attorney's fees be

mandatory upon a finding of a willful violation of the stay." Ramirez v. Fuselier (In re

Ramirez), 183 B.R. 583, 589 (9th Cir. BAP 1995).

95.     A "willful violation" does not require a specific intent to violate the automatic stay.

Rather, the statute provides for damages upon a finding that the defendant knew of the

automatic stay and that the defendant's actions which violated the stay were intentional.

Whether the party believes in good faith that it had a right to the property is not relevant

to whether the act was "willful" or whether compensation must be awarded.  In re Bloom,

875 F.2d 224, 227 (9th Cir. 1989).

96.     **Attorney Fees and Costs are Actual Damages**. Attorneys' fees and costs are

recoverable 'actual damages' under § 362(k). Beard v. Walsh (In re Walsh), 219 B.R. 873,

876 (9th Cir. BAP 1998); Stainton v. Lee (In re Stainton), 139 B.R. 232, 235 (9th Cir.

BAP 1992). In re Roman, 283 B.R. 1 (B.A.P. 9th Cir. 2002) (injury can be as minimal as

costs expended in going to an attorney's office).

97.     **Board Grievance, Fraud, and Mass Resignations**. GLC has had serious organizational

problems over the past several years.  There were multiple complaints against the board,

there mass resignations from the board, there was fraud on the GLC bank account, and

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

22

Case 23-01058-CMA   Doc 131   Filed 08/29/24   Ent. 08/29/24 13:22:20   Pg. 22 of 24

multiple complaints against GLC's employee's and staff, etc. See Plaintiff's Second Amended Complaint, Adv. Doc. 73 at ¶¶ 145-171.

98.     **<u>Intentional Misconduct and Knowing Violations of the Law</u>**. These incidents, and GLC's failure to produce the related documents, suggest the GLC Board was involved in intentional misconduct, knowing violation of the law, or was involved in transactions from which they would personally receive a benefit in money, property, or services to which they were not entitled, in violation of the Governing Documents, Washington law and federal law.

99.     **<u>Post Traumatic Stress Syndrome</u>**. Plaintiff suffers from PTSD which he has alleged was reignited and aggravated by GLC's action causing him emotional distress, frustration, embarrassment, and injury to his well-being.  He believes that he is being discriminated against because of his disabilities.  Bruton Dec., ¶ 27.

100.    **<u>Plaintiff has Agreed to Settle with Defendant Thulin</u>**.  Plaintiff has agreed to settle all claims against Defendant Thulin pursuant to a Confidential Settlement Agreement and has agreed to dismiss Mr. Thulin as a defendant from this adversary proceeding subject to court approval.

101.    **<u>Defendants Have Acted in Bad Faith</u>**.  GLC has acted in bad faith by withholding relevant evidence in violation of Rules 26-37 of the Federal Rules of Civil Procedure. Adv. Doc. 92.

## V. DAMAGES

102.    Plaintiff has suffered, and continues to suffer, significant damages proximately caused by the GLC's illegal actions including, without limitation, wrongful denial of Plaintiff's water service for 4.5 years, loss of income, attorney fees, attorney costs, bankruptcy fees

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

and costs to stop illegal foreclosure, costs associated with obtaining documents. Plaintiff's damages also include emotional distress, anxiety, frustration, anger, nervousness, fear, embarrassment, humiliation, loss of privacy, and injury to his reputation due to the foreclosure judgment against his home. Plaintiff suffers from insomnia, loss of sleep, loss of concentration, and irritability.

103. Plaintiff's damages are continuing to accrue as litigation and discovery is ongoing.

## VI. CONCLUSION

Based on the foregoing, and for the reasons stated, Plaintiff respectfully submits that the court should grant Plaintiff's motion for summary judgment in his favor in all his claims against GLC for Breach of Contract, Violation of the Automatic Stay, and Objection to Proof of Claim because there are no genuine issues of material fact.


*Date:* 08/29/2024          /s/ Steven C. Hathaway
                            Steven C. Hathaway, WSBA #24971
                            Attorney for Plaintiff


DECLARATION OF SERVICE

THE UNDERSIGNED CERTIFIES UNDER PENALTY OF PERJURY THAT ON 08/29/2024 THE UNDERSIGNED CAUSED TO BE DELIVERED EITHER BY FIRST CLASS MAIL, LEGAL MESSENGER OR ELECTRONICALLY A COPY OF THIS MOTION FOR SUMMARY JUDGMENT TO THE CHAPTER 13 TRUSTEE, COUNSEL FOR DEFENDANTS, AND THE PLAINTIFF.


*Dated:* 08/29/2024          /s/ *Simone M. Hathaway*
                            Simone M. Hathaway, Legal Assistant

PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT

HATHAWAY HOLLAND LAW FIRM, PLLC
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

24

Case 23-01058-CMA   Doc 131   Filed 08/29/24   Ent. 08/29/24 13:22:20   Pg. 24 of 24